IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AMMAR AL-HABASH, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | CIVIL ACTION NO. 4:15-CV-450 |
| RAYTHEON COMPANY, § | |
| § | |
| Defendant. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**COMES NOW** Plaintiff Ammar Al-habash ("Al-habash" or "Plaintiff") and files this his Original Complaint and in support of his causes of action alleges as follows:

I.   PARTIES

1. Plaintiff Al-habash is a resident of the State of Texas.

2. Defendant Raytheon Company ("Raytheon" or "Defendant") is a corporation organized under the laws of Delaware and doing business in Texas. Raytheon may be served via its registered agent CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

II.   JURISDICTION AND VENUE

3. This action arises under United States Code, Title 42, § 2000e *et seq*. and United States Code, Title 42, § 1981.

4. Venue properly lies in this Court because all acts and omissions giving rise to this claim took place in Collin County which is in the District and Division in which suit has been filed.

### III. FACTS SUPPORTING PLAINTIFF'S CLAIMS

5. Raytheon is a major American defense contractor and industrial corporation with core manufacturing concentrations in weapons and military and commercial electronics. Defendant is headquartered in Waltham, Massachusetts, but has locations throughout the United States, including Texas. Raytheon has more than 60,000 employees worldwide.

6. Raytheon hired Plaintiff on June 30, 2009 to work in the field of Electro-Optics and Infrared. Plaintiff's job title was Principal Systems Engineer and his designated rating was E05. Plaintiff has two master's degrees, a Ph.D. in mathematics, and substantial work experience in this field.

7. Plaintiff is a United States citizen born in Syria. Plaintiff is Muslim.

8. At the time Raytheon hired Plaintiff, Plaintiff possessed top security clearance from the United States government. Plaintiff was also subject to clearance reinvestigation during his employment with Raytheon. He maintained his clearance.

9. Raytheon has an experience and qualifications rating system with two designation paths. One pass is designated from E01 to E09, with E09 being the highest designation. The other pass is referred to as the Fellows path and is designated E01 to E06 and then the next designations are E44 and E88. An employee's salary is based on the employee's designated rating. In order for an employee to be promoted to a higher designation the employee must work on assignments that indicate sufficient proficiency to merit a higher designation.

10. Despite Plaintiff's expertise, Defendant assigned Plaintiff tasks that were outside his core competency and did not require Plaintiff's education level or experience. Plaintiff, however, completed every task assigned to him with the hope that he could demonstrate to his supervisors that he could handle more challenging and complex assignments.

11.     Shortly after beginning employment, Plaintiff's supervisor, Bruce Munro ("Munro"), told Plaintiff to complete an application for access to a project specific clearance with Richard Owens ("Owens"), a management-level Raytheon employee.  Owens observed Plaintiff completing the application and when Owens noticed Plaintiff indicate his sisters live in Damascus and Dubai, Owens told Plaintiff to stop completing the application. Later, Plaintiff asked Munro why Plaintiff was prevented from completing the application, but Munro would not provide an explanation.  The fact Plaintiff was from Syria and his sisters still resided in the Middle East has never prevented Plaintiff from receiving top-secret security clearance from the United States, which is the entity responsible for also providing project specific clearance.

12.     This exact same scenario happened multiple times Plaintiff attempted to apply for a job specific clearance but was denied the opportunity to apply by Raytheon employees. His department manager, Steven Majeske ("Majeske"), specifically asked Plaintiff whether he had relatives overseas and would not allow Plaintiff to apply for sensitive clearances, such as Sensitive Compartmental Information clearances or project specific clearances, referred to as Special Access Programs (SAP) by Raytheon.  One of the fellows at Raytheon, Dennis Womack, also specifically told Plaintiff that Raytheon would never allow Plaintiff to apply for a Sensitive Compartmental Information clearance with his relatives overseas.  Again, the United States government had already provided Plaintiff extensive security clearance and there is no blanket prohibition that prevents the United States government from granting Sensitive Compartmental Informational clearance to individuals who have relatives overseas or who were born outside of the United States.

13.     As a result of Raytheon's refusal to submit Plaintiff for Sensitive Compartmental Information clearances or SAPs, Plaintiff was passed over for promotions because he did not

work on projects that would elevate his experience to a higher designation. Contemporaneously, Raytheon hired a Caucasian male at an E06 designation who had less education and experience than Plaintiff.

14. Throughout his employment with Raytheon, Plaintiff noticed a pattern of racist and prejudiced comments regarding Muslims and Arabs. This was often in conjunction with news stories playing on televisions in the company cafeteria. On multiple occasions, Plaintiff heard comments from Raytheon employees that Muslims and Arabs were "all savages" and "monsters," and that "we should bomb the hell out of all of them."

15. In 2012, Plaintiff wrote a white paper on turbulence mitigation in large aperture, anticipating the need before any such apparatus was in use.  Later, his prediction proved true, and one of Plaintiff's suggested solutions is being used today by a major customer.  In addition to the white paper, Plaintiff's doctorate and thesis were in this field of study.  In 2013, when the customer asked Raytheon to assist them in fixing the same specific problem, Plaintiff was on a medical leave but Defendant promised Plaintiff the "lead" on the project when he returned. After Plaintiff returned, he was not given the lead as promised. Further, Defendant hired an engineer outside the company as an E04 to work on the project but this engineer required Plaintiff's consultation multiple times on technical details.  This new employee was supervised by an E03, Jeff Gallagher ("Gallager").  Plaintiff requested formal credit for the work he did on that project and a bigger rule, but Defendant denied Plaintiff's request.

16. Following the denial of credit for the project, Plaintiff instituted an internal ethical complaint that was later converted to a human resources complaint.

17. In December 2013, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in which he alleged national origin and religious discrimination by Raytheon.

18. Less than two (2) months later, Defendant provided Plaintiff his first negative annual performance review in the five (5) years Plaintiff worked for Raytheon. As part of the negative annual performance review, Defendant informed Plaintiff he would be subject to a Performance Improvement Plan ("PIP"). Plaintiff had three (3) days to submit to the PIP or be terminated. The PIP was structured to prevent Plaintiff from succeeding. As such, Plaintiff did not agree to the PIP.

19. On February 24, 2014, Plaintiff filed a second Charge of Discrimination with the EEOC alleging retaliation by Raytheon.

20. On or about March 13, 2014, Raytheon terminated Plaintiff's employment.

## IV.   STATEMENT OF CLAIMS

***COUNT ONE: RELIGIOUS DISCRIMINATION UNDER 42 U.S.C. § 2000e-2***

21. Plaintiff incorporates Paragraphs 1 through 20 hereinabove as if fully set forth herein at length.

22. 42 U.S.C. § 2000e-2 prohibits employment discrimination based on religion.

23. Defendant discriminated against Plaintiff in violation of 42 U.S.C. § 2000e-2 because of Plaintiff's religion (Islam).

24. As summarized above, Plaintiff suffered religious-based discrimination from superiors with respect to promotion opportunities.

25. As a result of Defendant's actions, Plaintiff suffered and continues to suffer damages and Plaintiff hereby sues.

26. Plaintiff further requests his attorneys' fees under 42 U.S.C. § 2000e-5(k).

## COUNT TWO: RACE DISCRIMINATION UNDER 42 U.S.C. § 1981

27. Plaintiff incorporates Paragraphs 1 through 26 hereinabove as if fully set forth herein at length.

28. 42 U.S.C. § 1981 prohibits employment discrimination based on race.

29. Defendant discriminated against Plaintiff in violation of 42 U.S.C. § 1981 because of Plaintiff's race, Arab.

30. As summarized above, Plaintiff suffered race-based discrimination from superiors with respect to promotion opportunities.

31. As a result of Defendant's actions, Plaintiff suffered and continues to suffer damages and Plaintiff hereby sues.

32. Plaintiff further requests his attorneys' fees under 42 U.S.C. § 1988(b).

## COUNT THREE: NATIONAL ORIGIN DISCRIMINATION UNDER 42 U.S.C. § 2000e-2

33. Plaintiff incorporates Paragraphs 1 through 32 hereinabove as if fully set forth herein at length.

34. 42 U.S.C. § 2000e-2 prohibits employment discrimination based on national origin.

35. Defendant discriminated against Plaintiff in violation of 42 U.S.C. § 2000e-2 because of Plaintiff's national origin, Middle Eastern.

36. As summarized above, Plaintiff suffered national origin-based discrimination from superiors with respect to promotion opportunities.

37. As a result of Defendant's actions, Plaintiff suffered and continues to suffer damages and Plaintiff hereby sues.

38. Plaintiff further requests his attorneys' fees under 42 U.S.C. § 2000e-5(k).

## COUNT FOUR: RETALIATION UNDER 42 U.S.C. § 2000e-2

39. Plaintiff incorporates Paragraphs 1 through 38 hereinabove as if fully set forth herein at length.

40. 42 U.S.C. § 2000e-2 prohibits retaliation against an employee for engaging in a protected activity.

41. Defendant retaliated against Plaintiff in violation of 42 U.S.C. § 2000e-2 because Plaintiff complained internally and filed a Charge of Discrimination with the EEOC.

42. As summarized above, Defendant terminated Plaintiff's employment in response to Plaintiff complaining internally and filing a Charge of Discrimination with the EEOC.

43. As a result of Defendant's actions, Plaintiff suffered and continues to suffer damages and Plaintiff hereby sues.

44. Plaintiff further requests his attorneys' fees under 42 U.S.C. § 2000e-5(k).

## V.  REMEDIES

45. WHEREFORE, Plaintiff prays that the Court grant him the following relief:

   a. Actual damages sustained by Plaintiff as a result of Defendant's actions, in an amount equal to Plaintiff's lost wages and employee benefits;

   b. Back pay and front pay in a precise amount to be determined by the jury;

   c. Compensatory damages against Defendant as a consequence of Defendant's unlawful actions, in a precise amount to be determined by the jury;

   d. Exemplary damages, in an amount to be determined by the jury;

   e. Prejudgment and post-judgment interest;

    f.   Reasonable attorneys' fees, expenses and costs, as specifically authorized by statute, to be calculated by the Court pursuant to the established procedures and precedents; and

    g.   Such other relief as the Court shall deem just and proper.

## VI.  CONDITIONS PRECEDENT

All conditions precedent to Plaintiff's right to recover have been performed or have occurred.  Specifically, on or about June 8, 2015, Plaintiff received his Notices of Right to Sue from the Equal Employment Opportunity Commission.

## VII.

## VIII.  JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues of facts and damages raised in this case.

Respectfully submitted,


        SIMON | PASCHAL PLLC
        13601 Preston Road, Suite W870
        Dallas, Texas 75240
        (972) 893-9340 Telephone
        (972) 893-9350 Facsimile

By: /s/ Paul W. Simon_____
        Paul W. Simon, Attorney-in-Charge
        State Bar No. 24060611
        paul@simonpaschal.com
        Dustin A. Paschal
        State Bar No. 24051160
        dustin@simonpaschal.com

        **ATTORNEYS FOR PLAINTIFF**